IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE GOINS,

                Petitioner,

v.

LIZZIE TEGELS,

                Respondent.

ORDER

22-cv-417-wmc[1]

---

Petitioner George Goins seeks relief under 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Goins is not entitled to relief. I may take judicial notice of records in Goins's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). Because Goins's petition is facially insufficient, I will dismiss it without prejudice. Goins may file a new petition that addresses the problems identified in this order.

BACKGROUND

I take the following facts from the state court of appeals' decision affirming Goins's convictions and sentence. *State v. Goins*, No. 2021AP150-CRNM, 2022 WL 1599277 (Wis. Ct. App. Feb. 3, 2022).

---

[1] I am exercising jurisdiction over this case for screening purposes only.

The state charged Goins with burglary while armed and felony bail jumping. *Id.* at *1. "Pursuant to a plea agreement, Goins pled guilty to those charges, and charges in several other cases pending against Goins were dismissed outright or dismissed and read in for sentencing purposes." *Id.* The circuit court sentenced Goins to ten years' imprisonment and five years' extended supervision on the burglary charge, and a concurrent sentence of two years' initial confinement and two years' extended supervision on the bail jumping charge. *Id.*

On direct appeal, Goins's counsel filed a no-merit report seeking to withdraw as appellate counsel. *Id.* The state court of appeals agreed with counsel's assessment that there were no arguably meritorious appellate issues.

The state court of appeals determined that any challenge to Goins's plea would lack arguable merit. *Id.* The court reasoned that the circuit court's plea colloquy and the plea questionnaire showed that Goins's plea was knowing and voluntary. *See id.* The court of appeals also determined that Goins's sentence was not unduly harsh or excessive. *Id.* As for Goins's challenges to the charges that were dismissed or dismissed and read in, the state court of appeals concluded that they were "wholly frivolous." *Id.* at *2. The court reasoned that the circuit court could "consider even [] uncharged and unproven sentences in sentencing a defendant." *Id.* The court also reasoned that there was no indication that the circuit court relied on allegations of sexual assault in sentencing Goins. *Id.*

The state supreme court denied Goins's petition for review. *State v. Goins*, 2022 WI 99. Goins timely filed a federal petition in which he raises four grounds for relief.

ANALYSIS

In ground one, Goins alleges that there was no probable cause to support the charges in some of the cases that were dismissed when he pleaded guilty. Dkt. 1 at 5. Goins appears to reason that there were no probable cause affidavits in these cases, or that the probable cause affidavits were invalid because they lacked proper oaths. *See id.* Goins concludes that the circuit court did not have jurisdiction in the cases in which charges were dismissed. *Id.*

This claim is facially insufficient. Goins pleaded guilty to the charges in La Crosse County Case No. 2019CR000852. He did not plead guilty to the charges in the remaining cases. Goins has not alleged that the state lacked probable cause to charge him with the crimes to which he pleaded guilty. So, even assuming that the alleged lack of probable cause would have been a jurisdictional error, Goins has not sufficiently alleged that the circuit court lacked jurisdiction in 2019CR000852, the case in which he was convicted.

Goins may be attempting to argue that his guilty plea was invalid because the state did not have probable cause in the cases in which the charges were dismissed. But "the circuit court conducted a plea colloquy that, together with the plea questionnaire that Goins signed, satisfied the court's mandatory duties to personally address Goins and determine information such as Goins's understanding of the nature of the charges and the range of punishments he faced, the constitutional rights he waived by entering a plea, and the direct consequences of the plea." *Goins*, 2022 WL 1599277, at *1. Goins has not alleged otherwise. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements."). Nor has Goins explained how the alleged lack of probable cause in the dismissed cases affected whether his plea was knowing and voluntary. *See id.* Absent more, Goins's ostensible mistaken belief when he pleaded guilty that the charges in the dismissed

3

cases were lawful does not invalidate his guilty plea. *Cf. Broce*, 488 U.S. at 572 (stating that the possibility that the defendant's plea "might have been influenced by an erroneous assessment of the sentencing consequences . . . did not render his plea invalid").

Ground two is not fully clear. Like ground one, Goins contends that probable cause did not support the charges in some of the dismissed cases because "no victim filed statements to process charges in order to support any kind of jurisdiction." Dkt. 1 at 7. Goins also contends that certain counts should have been severed, though it is unclear which counts and which cases he is referring to. *See id.* Goins adds, without explanation, that these errors affected his PSI. *Id.*

Goins's contention that probable cause did not support the charges in the dismissed cases is facially insufficient for the same reasons that ground one is facially insufficient. Goins's allegations that certain counts should have been severed and that the alleged errors affected his PSI are too conclusory and unclear to warrant federal habeas relief. *See Scott*, 512 U.S. at 856; *see also Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) ("[T]he habeas petitioner generally bears the burden of proof[.]"); *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018) ("The district court need not hold an evidentiary hearing for vague or conclusory allegations.").

In ground three, Goins contends that his PSI included information from counts that were fully dismissed, resulting in an "unreasonable determination" that he was a sex offender. *See* Dkt. 1 at 8. As a result, the circuit court allegedly relied on this inaccurate information at sentencing. *Id.* This error, Goins concludes, interfered with his security level and the "program needs" of his conviction. *Id.* I view this claim to assert that the circuit court violated state sentencing law by improperly relying on a determination that Goins was a sex offender when sentencing him.

4

This ground is facially insufficient. "Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, and is unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (citation omitted). So claims challenging the application of state sentencing law are usually unreviewable under § 2254. *See id.*; *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Here, Goins alleges that the circuit court's sentence was unlawful because it improperly determined that he was a sex offender. The court of appeals evaluated this claim under Wisconsin law, and I find no basis to infer a federal law violation from Goins's conclusory allegations. Because this ground appears to challenge Wisconsin sentencing law, it is unreviewable under § 2254.

Even if I treated ground three as a due process claim, it would be facially insufficient. The state court of appeals concluded that the circuit court's "sentencing comments did not indicate that the court relied on the sexual assault allegation in determining the sentence to impose." *Goins*, 2022 WL 1599277, at *2. It reasoned: "[D]efense counsel clarified that the facts in the PSI related to the alleged sexual assault went to counts that had been dismissed outright, not dismissed and read in. Defense counsel also reiterated that Goins maintained his innocence as to the sexual assault allegation." *Id.* Even if I could view ground three as a federal claim, Goins's conclusory allegations do not suggest that the court of appeals' findings were unreasonable, *see Harrington v. Richter*, 562 U.S. 86, 103 (2011), or that the alleged error "had a substantial and injurious effect or influence" on his sentence, *see Brown v. Davenport*, 142 S. Ct. 1510, 1514 (2022).

5

In ground four, Goins contends that the circuit court "breached" his plea agreement by erroneously relying on "statements that were connected to the fully dismissed counts." Dkt. 1 at 10. Goins also contends that the court of appeals did not "look at how" these statements "contributed to an adverse assessment." *Id.* Goins adds that this error affected his PSI "compass scoring for sentence recommendations." *Id.*

Ground four is facially insufficient. As discussed, the court of appeals determined that the circuit court's plea colloquy and the plea questionnaire showed that Goins's plea was knowing and voluntary. *See Goins*, 2022 WL 1599277, at *1. Goins's conclusory allegation that the circuit court "breached" his plea does not suggest otherwise. *See Richter*, 562 U.S. at 103; *see also Scott*, 512 U.S. at 856; *Fordice*, 515 U.S. at 46; *Dittmann*, 904 F.3d at 532. Goins does not describe the allegedly inaccurate information or explain how the circuit court's consideration of it invalidated his guilty plea. Ground four, like ground three, appears to allege state-law sentencing errors. But, as discussed, such errors are unreviewable under § 2254. And, even if I viewed ground four as a federal claim, Goins's conclusory allegations do not suggest that the court of appeals unreasonably determined that his claims of sentencing error were meritless, or that the purported errors actually prejudiced his sentence. Goins has not alleged any factual basis to so conclude.

No evidentiary hearing is warranted because Goins's petition is facially insufficient. *See Dittmann*, 904 F.3d at 532; *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (district court need not hold evidentiary hearing when the record precludes habeas relief). Because Goins's petition is legally insufficient, I will dismiss it without prejudice. Because there is some possibility that additional factual allegations might address the problems identified in this order, I will Goins another chance before definitively closing the case. If Goins wishes, he may

file a new petition in which he attempts to state one or more grounds sufficient for federal habeas relief. If Goins does not respond by the deadline below, I will dismiss the petition with prejudice and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner's habeas petition, Dkt. 1, is DISMISSED without prejudice as facially insufficient.

2. Goins may have until January 27, 2023, to file a new petition that addresses the problems identified in this order.

Entered December 29, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge