IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE GOINS,

                        Petitioner,                                              ORDER

   v.

                                                                      22-cv-417-wmc

LIZZIE TEGELS,

                        Respondent.

---

      Petitioner George Goins filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court ordered Goins to file an amended petition because the allegations in his petition were facially insufficient. Dkt. 5. Goins has filed an amended petition. Dkt. 7. The amended petition is in the nature of a legal brief in which Goins argues that the court erred in determining that his claims were facially insufficient. The amended petition does not contain a clear statement of Goins's claims for relief and does not contain information about whether he exhausted state-court remedies. Some of the handwriting in the amended petition is difficult to read because it is excessively small or because there is inadequate spacing between the lines. The petition is notarized.

      A habeas petitioner must "specify" all the grounds for relief available to him. Rule 2(c)(1), Rules Governing § 2254 Cases ("Habeas Rules"). The petition "must substantially follow the form appended" to the Habeas Rules. Rule 2(d), Habeas Rules. That form, which this court has adopted, requires specific information about the petitioner's exhaustion of state-court remedies. The petitioner must sign the petition "under penalty of perjury." Rule 2(c)(5), Habeas Rules.

Here, the amended petition contains no clear statement of the claims on which Goins seeks habeas relief. Goins may seek to incorporate the claims from his original petition. But, as a general matter, an amended habeas petition supersedes the original petition. *See Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002); *McElrath v. Marik*, No. 20-CV-540-JPS, 2022 WL 17811447, at *5 (E.D. Wis. Dec. 19, 2022). Goins has not specified his claims for relief. Also, because it contains no information about whether Goins exhausted state-court remedies, the amended petition does not substantially follow this court's habeas form.

Therefore, the court will order Goins to file a second amended petition on the court's habeas form. The second amended petition must:

- Specify all the grounds for relief available to Goins;
- State the facts supporting each ground;
- State the relief requested;
- Be printed, typewritten, or legibly handwritten; and
- Be signed under penalty of perjury.[1]

If Goins needs additional space to allege facts supporting his claims, he may, if he wishes, file a supplemental brief not to exceed 10 pages. Any text or handwriting in the amended petition or supplemental brief must be large enough and spaced well enough to allow the court to read it easily.

Separately, Goins moved for an extension of time to file the amended petition. Dkt. 6. This motion is moot because Goins filed an amended petition. Goins also asks the court to

---

[1] It is questionable whether notarization is sufficient to meet this requirement. *See Harrison v. Clarke*, No. 3:17CV738, 2018 WL 4040230, at *5 n.5 (E.D. Va. Aug. 23, 2018).

substitute Daniel Cromwell as respondent because he is the current warden at Goins's prison. The court will deny this request without prejudice because it has yet to confirm from the public record that Cromwell is the current warden at Goins's prison. If the court receives such confirmation, then it will substitute Cromwell as respondent.

## ORDER

IT IS ORDERED that:

1. Petitioner has until March 1, 2023 to file a second amended habeas petition that follows the directions given in this order.

2. Petitioner's motion for extension of time, Dkt. 6, is DENIED as moot.

3. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered January 30, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge