IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE GOINS,

                Petitioner,

v.

LIZZIE TEGELS,

                Respondent.

OPINION and ORDER

22-cv-417-wmc[1]

---

    Petitioner George Goins has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254 raising four claims for relief. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Goins is not entitled to relief. I may take judicial notice of records in Goins's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021). I will order the state to respond to Goins's contention in claim 1 that the state breached his plea agreement in violation of due process, and his contention in claim 3 that the circuit court lacked jurisdiction in violation of due process because of the allegedly defective oaths. I will dismiss the other contentions in claims 1 and 3, and I will dismiss claims 2 and 4.

---

[1] I am exercising jurisdiction over this case for screening purposes only.

BACKGROUND

I take the following facts from the state court of appeals' decision affirming Goins's convictions and sentence. *State v. Goins*, No. 2021AP150-CRNM, 2022 WL 1599277 (Wis. Ct. App. Feb. 3, 2022).

The state charged Goins with burglary while armed and felony bail jumping. *Id.* at *1. "Pursuant to a plea agreement, Goins pled guilty to those charges, and charges in several other cases pending against Goins were dismissed outright or dismissed and read in for sentencing purposes." *Id.* The circuit court sentenced Goins to ten years' imprisonment and five years' extended supervision on the burglary charge, and a concurrent sentence of two years' initial confinement and two years' extended supervision on the bail jumping charge. *Id.*

On direct appeal, Goins's counsel filed a no-merit report seeking to withdraw as appellate counsel. *Id.* The state court of appeals agreed with counsel's assessment that there were no arguably meritorious appellate issues.

The state court of appeals determined that any challenge to Goins's plea would lack arguable merit. *Id.* The court reasoned that the circuit court's plea colloquy and the plea questionnaire showed that Goins's plea was knowing and voluntary. *See id.* The court of appeals also determined that Goins's sentence was not unduly harsh or excessive. *Id.* As for Goins's challenges to the charges that were dismissed or dismissed and read in, the state court of appeals concluded that they were "wholly frivolous." *Id.* at *2. The court reasoned that the circuit court could "consider even [] uncharged and unproven sentences in sentencing a defendant." *Id.* The court also reasoned that there was no indication that the circuit court relied on allegations of sexual assault in sentencing Goins. *Id.*

The state supreme court denied Goins's petition for review. *State v. Goins*, 2022 WI 99. Goins timely filed this case. I dismissed Goins's original and amended petitions for various pleading deficiencies but allowed him to correct these problems. *See* Dkt. 5 and Dkt. 8.

## DISCUSSION

### A. Claim 1

Goins contends that the state breached his plea agreement in violation of due process. *See* Dkt. 10 at 5–6. Goins alleges that, in exchange for his guilty plea, the state agreed to dismiss outright counts 1 through 3 in La Crosse County Case No. 18CF864 and to dismiss but read in counts 4 through 7. *See id.* But, according to Goins, the state read the statements in counts 1 through 3 into his PSI. *Id.* at 6. Goins adds that he would not have pleaded guilty had he known that the state was going to read in counts 1 through 3 because it affected his classification and eligibility for a sex offender treatment program in the Department of Corrections (DOC). *See id.* at 6–7. Goins also contends that the state's alleged breach of the plea agreement affected his sentence, though his argument is unclear. *See id.* Goins alleges violations of the Fifth, Sixth, and Eighth Amendments based on the same allegations. *Id.* at 7.

I will order the state to respond to Goins's contention that the state breached his plea agreement in violation of due process. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). I will not, however, allow Goins to proceed on his Fifth, Sixth, and Eighth Amendment claims because his allegations do not support violations of these amendments. Goins has simply piggybacked these claims onto his due process claim.

If Goins contends that his sentence violated due process because the circuit court relied on the read-in statements when sentencing him, I will not allow him to proceed on this

contention for the same reasons that I initially did not allow him to proceed on it. *See* Dkt. 5 at 5.

If Goins seeks damages based on the alleged due process violation, *see* Dkt. 10 at 9, I will not allow him to proceed on this claim because damages are unavailable under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

B. **Claim 2**

The allegations supporting claim 2 are not fully clear. As I understand, Goins alleges that probable cause did not support counts 4 through 7 in 18CF864 because the conduct underlying counts 4 through 7 took place on a different date than, and was unrelated to, the conduct underlying counts 1 through 3. *See* Dkt. 10 at 11–13. Goins also alleges that probable cause and jurisdiction were lacking because counts 4 through 7 did not have a proper oath. *See id.* at 12. Goins contends that the state should have alleged counts 4 through 7 in a separate case, i.e., La Crosse County Case No. 18CM729. *See id.* Goins contends that counts 4 through 7 "played a role in the breach of the plea" because the statements from counts 1 through 3 were placed "into the body of the description" for counts 4 through 7, which were read into the PSI. *See id.* at 13. Based on these allegations, Goins alleges violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. *Id.*

I will apply the Fourth Amendment to this claim because its thrust is that probable cause did not support certain charges. A Fourth Amendment claim "ordinarily may not be raised in a habeas proceeding following a plea of guilty" because "the claim is [normally] irrelevant to the constitutional validity of the conviction." *See Haring v. Prosise*, 462 U.S. 306, 321 (1983); *see also Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) ("[A]n arrest without probable cause violates the fourth amendment but does not imply the invalidity of a conviction,

4

because courts do not suppress the body of the accused."); *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) ("An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings.").

Goins's conclusory allegations do not suggest that counts 4 through 7 affected the validity of his guilty plea. Goins contends that counts 4 through 7 played a role in the state's alleged breach of the plea agreement because allegations from counts 1 through 3 were "placed into the body" of counts through 4 through 7. But, under the plea agreement, counts 4 through 7 were dismissed and read in; the placement of counts 1 through 3 "into the body" of counts 4 through 7 did not change that. Put differently, while the state might have breached the plea agreement by reading in counts 1 through 3, the plea agreement allowed the state to read in counts 4 through 7. Goins contends that probable cause did not support counts 4 through 7, but he admits that the state could have alleged them in a different prosecution. So, even had the state severed these counts, they would have formed a part of the "charges in several other cases pending against Goins" when he pleaded guilty. *Cf. Goins*, 2022 WL 1599277, at *1. This observation further undermines Goins's conclusory contention that the presence of counts 4 through 7 in 18CM729 affected his decision to plead guilty. Goins's conclusory allegation that probable cause and jurisdiction were lacking because counts 4 through 7 did not have a proper oath duplicates his allegations in claim 3 and is properly addressed with that claim. Because the allegations supporting claim 2 do not suggest a violation of the Fifth, Sixth, Eighth, or Fourteenth Amendment, I will not allow Pearson to proceed on these nominal claims either. Claim 2 is plainly meritless.

C. Claim 3

Goins contends that all the cases "under the negotiated plea" lacked proper oaths. Dkt. 10 at 14–15. His reasoning is not fully clear. *See id.* Goins appears to allege that a bailiff swore to information in the criminal complaints without knowledge of the underlying events. *See id.* at 15. Goins adds that the complaints were not signed by the proper authority. *Id.* Because of these deficiencies, the circuit court allegedly lacked probable cause and jurisdiction. *See id.* at 12, 14–15. Nominally, Goins alleges violations of the Fifth, Sixth, and Eighth Amendments. *Id.* at 15.

I will apply the Fourth Amendment to Goins's contention that the circuit court lacked probable cause due to the allegedly deficient oath. But Goins has not alleged any facts suggesting that the mere lack of probable cause invalidated his guilty plea. *See Haring v. Prosise*, 462 U.S. at 321; *Evans*, 603 F.3d at 364; *Sanders*, 717 F.2d at 423; *see also* Dkt. 5 at 3–4. So I will not allow Goins to proceed on this contention. I will apply the Fifth Amendment to Goins's contention that the circuit court lacked jurisdiction in violation of due process because of the allegedly deficient oath, and I will order the state to respond to this contention. I will not allow Goins to proceed on his nominal Fifth, Sixth, and Eighth Amendment claims because his allegations do not suggest violations of these amendments. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (section 2254 petitions must meet "heightened pleading requirements"); *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018) (district court "need not hold an evidentiary hearing for vague or conclusory allegations").

D. Claim 4

Claim 4 is not fully clear. Goins alleges that the state court of appeals erred in concluding that the circuit court could consider "uncharged and unproven offenses in

sentencing a defendant" and that the circuit court did not rely on the "sexual assault allegation[s that were dismissed outright] in determining the sentence to impose." *See Goins*, 2022 WL 1599277, at *2; *see also* Dkt. 10 at 17–18. Goins reasons that his sentence was based on the "PSI compass" and the "DOC's recommendations," not on the circuit court's "consideration[s]." *See id.* at 17–18. Goins adds that a PSI must be based on true facts. *See id.* at 18. Goins's other allegations duplicate those supporting claim 1. Based on these contentions, Goins alleges violations of due process and the Eighth Amendment.

"Federal habeas relief is only available to a person in custody in violation of the United States Constitution or laws or treaties of the United States, and is unavailable to remedy errors of state law." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002) (citation omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in [federal] terms." *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam); *see also Clincy v. Pollard*, No. 18-CV-1092-JPS, 2018 WL 3819049, at *5 (E.D. Wis. Aug. 10, 2018). "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *accord Adeyanju v. Wiersma*, 12 F.4th 669, 675 (7th Cir. 2021).

Despite being couched in federal terms, claim 4 alleges Wisconsin-law sentencing error, which is unreviewable under § 2254. In any case, Goins's allegations are too conclusory and unclear to support a due process violation. *See McFarland*, 512 U.S. at 856; *Mayberry*, 904 F.3d at 532; *Borden*, 646 F.3d at 810. And Goins has failed to allege facts suggesting that his 10-year sentence is "grossly disproportionate" to his armed burglary and felony bail jumping convictions. *See Ewing v. California*, 538 U.S. 11, 21 (2003); *see also United States v. Waldrip*,

7

859 F.3d 446, 451 (7th Cir. 2017) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."). My analysis on claim 1 accounts for Goins's other contentions. Because it is plainly deficient, I will not allow claim 4 to proceed.

To recap, I will order the state to respond to Goins's contention in claim 1 that the state breached his plea agreement in violation of due process, and his contention in claim 3 that the circuit court lacked jurisdiction in violation of due process because of the allegedly defective oaths. I will dismiss the other contentions in claims 1 and 3, and I will dismiss claims 2 and 4.

ORDER

IT IS ORDERED that:

1. Petitioner George Goins's second amended habeas petition, Dkt. 10, is DISMISSED in part.

2. Within 60 days of the date of service of this order, respondent must file a response to Goins's contention in claim 1 of the second amended petition that the state breached his plea agreement in violation of due process, and his contention in claim 3 of the second amended petition that the circuit court lacked jurisdiction in violation of due process because of the allegedly defective oaths. Respondent's response must comply with Rule 5 of the Rules Governing Section 2254 Cases and must show cause, if any, why the writ should not issue.

3. Respondent must accompany its response with an appendix of the entire state court record, including transcripts of the trial proceedings and any relevant postconviction hearings.

4. Respondent must address on the merits the claims and contentions on which the court has allowed petitioner to proceed, even if respondent argues that the second amended petition fails on one or more procedural grounds.

5. Petitioner may file a reply within 30 days after respondent has filed her response.

6. The clerk of court is directed to send petitioner a copy of this order.

Entered April 4, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge