IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GEORGE GOINS,

                            Petitioner,

      v.

BRIAN CAHAK,[1]

                            Respondent.

OPINION and ORDER

22-cv-417-wmc

---

Petitioner George Goins has filed a second amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2020 conviction in the Circuit Court for La Crosse County, Wisconsin (*see* case no. 2019CF852), for felony burglary and felony bail jumping.  (Dkt. #10.)  This court has permitted Goins to proceed on two challenges based on alleged violations of the Due Process Clause of the Fourteenth Amendment:  (1) the state breached his plea agreement by improperly including facts in his presentence investigation report ("PSI") about three charges that the state had agreed to dismiss and *not* read in for sentencing purposes; and (2) the circuit court lacked jurisdiction because the underlying criminal complaints did not have proper oaths and signatures.  (*See* dkt. #11.)  As explained below, Goins' petition must be denied because he has failed to establish that in rejecting his claims and affirming his conviction, the Wisconsin Court of Appeals

---

[1] The court has revised the caption to reflect that Cahak is now the warden of Oshkosh Correctional Institution, where petitioner is in custody.

unreasonably applied clearly established federal law or based its decision on an unreasonable interpretation of the facts.

## BACKGROUND[2]

### A.  Sentencing

The state charged Goins with burglary while armed and felony bail jumping. Pursuant to a plea agreement, Goins pled guilty to those charges, while charges in several other cases were dismissed outright or dismissed and read in for sentencing purposes.  At the sentencing hearing on March 17, 2020, the circuit court reviewed all of Goins' cases at issue.  Goins' trial counsel made clear that some charges were to be dismissed and read in and others were to be dismissed outright, specifically noting that counts 1–3 of case no. 18CF864 relating to an alleged sexual assault were to be dismissed and *not* read in.  (*See* dkt. #15-4, at 3-4, 6.)  Trial counsel further explained that the PSI erroneously included information under counts 4–6 relating to the allegations under counts 1–3, as to which Goins maintained his innocence.  (*Id*., at 6.)  When making later arguments, trial counsel again emphasized that Goins maintained his innocence of any sexual assault (*id*., at 18-19), and that the PSI writer had made a mistake in thinking that a sexual assault charge was to be read in (*id*., at 22).  Goins also emphatically denied the sexual assault during his allocution.  (*Id*., at 29.)

---

[2] The following facts are taken from Goins' amended petition, the state court sentencing hearing transcript (dkt. #15-4), and the court of appeals' decision affirming Goins' convictions and sentence, *State v. Goins*, No. 2021AP150, 2022 WL 1599277 (Wis. Ct. App. Feb. 3, 2022) (dkt. #15-2).

The circuit court sentenced Goins to 10 years' imprisonment and five years' extended supervision on the burglary charge, and a concurrent sentence of two years' initial confinement and two years' extended supervision on the bail jumping charge. While the circuit court judge noted that Goins was on bond for the charges related to the alleged sexual assault when he committed the other offenses, he expressly noted that he was "not counting the dismissed charges" when considering the "read-ins." (*Id.*, at 33.)

**B. Appellate Proceedings**

On direct appeal, Goins' counsel filed a no-merit report seeking to withdraw as appellate counsel. The state court of appeals agreed with counsel's assessment that any challenge to Goins' plea and resulting sentence would lack arguable merit because the circuit court's plea colloquy and the plea questionnaire showed that Goins' plea was knowing and voluntary and that Goins' sentence was not unduly harsh or excessive. *See Goins,* dkt. #15-2, at 3 (citing *State v. Kelty,* 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886 (valid guilty plea constitutes waiver of all non-jurisdictional defects and defenses); *State v. Krueger*, 119 Wis. 2d 327, 336, 351 N.W.2d 738 (Ct. App. 1984) (Courts reviewing sentencing presume lower court "acted reasonably during sentencing, so defendant must show some unreasonable or unjustifiable basis in the record for the sentence complained of.")).

While the court of appeals noted that Goins filed a supplemental no-merit response specifically arguing that the PSI improperly included facts related to the dismissed sexual assault charge and caused the circuit court to sentence him on inaccurate information, the

court of appeals concluded that any such challenge would be "wholly frivolous" because not only could the circuit court consider uncharged and unproven offenses during sentencing, but there was no indication that the circuit court in Goins' case relied on the sexual assault allegations during Goins' sentencing.  (*Id*. at 4.)

The Wisconsin Supreme Court denied Goins' petition for review on May 18, 2022. *State v. Goins*, 2022 WI 99.  Goins timely filed his petition for a writ of habeas corpus in this court on April 12, 2021.

## ANALYSIS

In this court, Goins argues that his burglary and bail jumping convictions should be vacated because the state violated his due process rights by reading in charges that it had agreed to dismiss during plea negotiations and by failing to obtain proper oaths on the underlying criminal complaints.   Because the Wisconsin Court of Appeals addressed the merits of Goins' due process claims, this court's review is subject to the particularly deferential standard of review under 28 U.S.C. § 2254(d).   Specifically, Goins is not entitled to relief unless he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."   28 U.S.C. § 2254(d)(1).  A decision is contrary to clearly established federal law "if the rule the decision applies differs from governing law set forth in Supreme Court cases." *Bailey v. Lemke*, 735 F.3d 945, 949-50 (7th Cir. 2013) (citations omitted).  A decision involves an unreasonable application of Supreme Court precedent "if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Id*.  Alternatively, Goins can obtain relief by showing that the state court's adjudication of his claims "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Again, however, the federal court owes deference to the state court, especially the underlying state court findings of fact and credibility determinations, which are all presumed correct unless the petitioner presents "clear and convincing" evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014); *Newman v. Harrington*, 726 F.3d 921, 928 (7th Cir. 2013).

## A. Breach of Plea Agreement

As he did on appeal, Goins alleges here that in exchange for his guilty plea, the state agreed to dismiss outright counts 1 through 3 in La Crosse County Case No. 18CF864 and to dismiss but read in counts 4 through 7. (*See* dkt. #10, at 5-6.) According to Goins, the state violated that agreement by including statements relating to counts 1 through 3 in his PSI, which affected his sentencing and classification and eligibility for a sex offender treatment program with the Department of Corrections (DOC).

In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the United States Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." The rule that prosecutorial promises must be fulfilled "emanates as a requirement from the significant consequences of a guilty plea -- the waiver of important constitutional rights and the 'adjudicative element' that is inherent in the plea." *United States v. Bowler*, 585 F.2d 851, 854 (7th Cir. 1978) (citing *Santobello*, 404 U.S. at 262). Indeed, "[w]here a defendant is misled as to the consequences of his plea, it

5

renders the plea involuntary." *Kaliszewski v. Benik*, No. 05-cv-0213, 2005 WL 2654169, at
*7 (W.D. Wis. Oct. 17, 2005) (citing *Williams v. Taylor*, 529 U.S. 420, 431-33 (2000)).
However, under both federal and Wisconsin law, a defendant must show that a plea
agreement was breached in a material and substantial manner to be entitled to relief. *Id.*
(citing *State v. Stenseth*, 2003 WI App 198, 10, 266 Wis.2d 959, 669 N.W.2d 776
(citations omitted)); *Campbell v. Smith*, 770 F.3d 540, 548 (7th Cir. 2014) (quoting *United
States v. Hauptman*, 111 F.3d 48, 51-52 (7th Cir.1997)) (While "the State 'is not permitted
to pull the rug out from under a defendant who has negotiated a plea agreement by taking
steps to induce the judge to give a higher sentence,' relief is not available unless a breach
is substantial.").

A review of the sentencing hearing transcript in this case reveals that the court of
appeals correctly determined that the state did not breach the plea agreement because
counts 1-3 in case no. 18CF864, which were based on an alleged sexual assault, were
dismissed outright and not actually read in for sentencing purposes, as promised by the
state. In addition, to the extent that including information relating to those counts in the
PSI can be considered a "breach" of the plea agreement, that breach was neither substantial
nor material. Indeed, the court of appeals reasonably determined that trial counsel had
made clear at sentencing not only that information about the counts were improperly
included in the PSI and should not be considered, but that Goins maintained his innocence
as to those charges. Moreover, the court of appeals reasonably concluded that the circuit
court did not rely on those allegations when imposing Goins' sentence in case no.
19CF852, especially so given the sentencing judge's clear statement that the "gravity of

6

the offense alone, plus the read-ins, not counting the dismissed charges, but the read-ins," justified the sentence.  (Dkt. #15-4, at 33.)

While Goins argues that it is a due process violation for a court to consider information at sentencing relating to dismissed charges if those charges are jurisdictionally defective, the court of appeals correctly found that information may be considered at sentencing regardless of whether it is charged at all.  (*See* dkt. #15-2, at 4 (citing *Elias v. State*, 93 Wis. 2d 278, 286 N.W.2d 559, 562 (1980)).)  In addition, Goins' argument that the improperly drafted PSI affected his classification and eligibility for a sex offender treatment program does not rise to the level of a due process violation because incarcerated defendants do not have a protected property or liberty interest in their rehabilitative activities, classifications, or assignments.  *See DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409, 423-25 (7th Cir. 2020) (en banc); *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996); *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

For all of these reasons, petitioner is not entitled to relief on this challenge.


**B.  Lack of Proper Oaths**

Goins contends that the circuit court lacked jurisdiction over his case because the warrants supporting the criminal complaints in all cases that are part of "the negotiated plea" lacked an oath for Officers Cody Bernhardt and Susan Donskey.  Dkt. #10 at 14-15.  Although it is not clear, the court understands Goins to argue that the arrest warrants in all of his underlying cases -- whether dismissed, read in, or pled -- lacked probable cause

and thereby deprived the circuit court of jurisdiction.  Goins made a similar argument in his response to appellate counsel's no-merit report to the court of appeals.  Relying on *Champlain v. State*, 53 Wis. 2d 751, 754, 193 N.W.2d 868, 871 (1972) ("A complaint which charges no offense is jurisdictionally defective and void and the defect cannot be waived by a guilty plea."), Goins argued that there was an unwaivable jurisdictional defect under because "[i]n relation to the Sep 2 and May 21 counts of 18CF864 case no judge signed off a oath for these names."  (Dkt. #15-1, at 38-39.)  While the court of appeals did not directly address these arguments, it noted that it considered all of the no merit filings in the record and found no meritorious appealable challenge.  (*See* dkt. #15-2, at 4 ("[C]hallenging the charges that were dismissed outright or dismissed and read in for sentencing purposes in this case would be wholly frivolous.").)  This court finds the court of appeals' assessment reasonable, but even if the de novo standard of review applied to this challenge, *see Cone v. Bell*, 556 U.S. 449, 472 (2009) (review of federal constitutional claim is de novo where state court did not adjudicate it on the merits), this court would deny the claim without a hearing because it is clear that Goins is not entitled to relief.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (evidentiary hearing not required where record precludes habeas relief); *Toliver v. Pollard*, 688 F.3d 853, 859 (7th Cir. 2012) (quoting *Morales v. Johnson*, 659 F.3d 588, 599 (7th Cir. 2011) ("When no state court has squarely addressed the merits of a habeas claim, . . . we review the claim under the pre-AEDPA standard of 28 U.S.C. § 2243, under which we 'dispose of the matter as law and justice require.'")).

As appellate counsel argued in his supplemental no merit report (dkt. #15-1, at 93-94), Goins did not challenge any jurisdictional defects to the charges of which he was actually convicted in case no. 2019CF852, nor could he, because under state law, a circuit court only lacks jurisdiction over a criminal offense if:  (1) the charged crime does not exist, *Mack v. State*, 93 Wis. 2d 287, 286 N.W.2d 563, 567 (1980) (circuit court lacks criminal subject matter jurisdiction only if complaint fails to charge a crime known to law); *see also Vill. of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 1, 273 Wis. 2d 76, 681 N.W.2d 190 ("[A] circuit court is never without subject matter jurisdiction."); (2) the criminal complaint is not supported by probable cause or is filed outside the statute of limitations, *see State v. Dabney*, 2003 WI App 108, ¶ 10, 264 Wis. 2d 843, 851, 663 N.W.2d 366, 370; or (3) the crime or any of its constituent elements did not occur in Wisconsin, Wis. Stat. § 939.03(1)(a).   As on direct appeal, Goins has failed to establish that any of these jurisdictional defects apply in his case.

While Goins seems to be arguing that the charging documents in some or all of his criminal cases lacked probable cause because they did not have the correct oaths or signatures, any such challenges are deemed waived unless raised by motion *before* trial, which did not happen in this case.  Wis. Stat. §§ 971.31(2); *see also* Wis. Stat. § 971.31(10) (only pre-plea challenges to the denial of motions to suppress evidence or the defendant's statements are exempt from guilty plea waiver rule); *Lefkowitz v. Newsome*, 420 U.S. 283, 289 (1975) ("In most States a defendant must plead not guilty and go to trial to preserve the opportunity for state appellate review of his constitutional challenges to arrest.").

Moreover, any jurisdictional challenge Goins may seek to make to his other criminal cases, such as case no. 2018CF864, are moot because the charges in those cases were dismissed, and as the court of appeals ruled, the circuit court was entitled to consider even uncharged and unproven offenses in sentencing Goins. *See Elias*, 93 Wis. 2d at 284. Accordingly, Goins also is not entitled to habeas relief on this ground.

## C. Certificate of Appealability

The only remaining question on habeas review is whether to grant Goins a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Here, Goins has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the United States Supreme Court. Because no reasonable jurists would debate this issue under clearly established federal law or its application to a reasonable interpretation of the facts, the court will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that petitioner George Goins' second amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 (dkt. #10) is DENIED, and Goins is DENIED a certificate of appealability.

Entered this 23rd day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11